**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                        :
LINCOLN NATIONAL LIFE                   :   CIVIL ACTION NO. 08-6315 (MLC)
INSURANCE COMPANY,                      :
                                        :
      Plaintiff,                        :   MEMORANDUM OPINION
                                        :
      v.                                :
                                        :
BALYASNAYA J. LIFE INSURANCE            :
TRUST, et al.,                          :
                                        :
      Defendants.                       :
                                        :
```

**THE COURT** ordering the plaintiff — Lincoln National Life Insurance Company ("LNLIC") — to show cause why the Complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 6, Order to Show Cause ("OTSC")); and LNLIC bringing this action for a judgment declaring an insurance policy to be void (1) on December 23, 2008, and (2) against the defendants, (a) Balyasnaya J. Life Insurance Trust ("Trust"), (b) Alex Chernovitz, as the Trust's trustee, and (c) Aleksandra Balyasnaya ("Balyasnaya") (dkt. entry no. 1, Compl.); and LNLIC asserting — and thus bearing the burden of demonstrating — jurisdiction under Section 1332 (id. at 2), see Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and LNLIC alleging that Balyasnaya is a New York citizen (Compl. at 2); but

**LNLIC** merely alleging that it "is an insurance corporation, and maintains a principal place of business in . . . Indiana" (id.); but it appearing that a corporation is deemed to be a citizen of the state in which it (1) is incorporated, and (2) has its principal place of business, see 28 U.S.C. § 1332(c)(1); and LNLIC failing to allege where it is incorporated and has "its" principal place of business, and thus "fail[ing] to properly plead diversity jurisdiction", Gargiulo v. Dessauer, No. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004); see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006) (stating same); and LNLIC thus failing to properly allege its own citizenship; and

**LNLIC** merely alleging that (1) the Trust "is established, governed and to be construed in accordance with the laws of . . . New Jersey", and (2) Chernovitz "maintains a primary residence and/or a principal place of business located [in] Lakewood, New Jersey" (Compl. at 2); but it appearing that the Court, when determining a trust's citizenship, "is to look to the citizenship of both the trustee and the beneficiary in all cases", Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 203 (3d Cir. 2007); see id. at 205 (stating citizenship of both the trustee and the beneficiary should control in determining trust's citizenship); and LNLIC failing to properly allege Chernovitz's citizenship, as an allegation (1) as to where a party resides, is

2

licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction, see Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970), and (2) based upon information and belief — e.g., in an "and/or" manner — "does not convince the Court that there is diversity among the parties", Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999); see Freedman, 180 Fed.Appx. at 320 (stating citizenship must be alleged "affirmatively and distinctly"); and LNLIC also failing to name and demonstrate the citizenship of each Trust beneficiary ("Beneficiary"), and thus failing to allege the Trust's citizenship; and

**THE COURT** thus advising LNLIC of the intention to dismiss the Complaint for lack of jurisdiction unless LNLIC properly (1) demonstrates its own citizenship as it existed on December 23, 2008, with supporting documentation, e.g., a certificate of incorporation or an affidavit from someone with knowledge of LNLIC's structure, (2) names each Beneficiary, (3) demonstrates the citizenship of each Beneficiary and Chernovitz — and thus the Trust — as it existed on December 23, 2008, and (4) shows that jurisdiction under Section 1332 existed on December 23, 2008 (see OTSC); and the Court providing further guidance to LNLIC (id.); and LNLIC being advised that a dismissal here would be without prejudice to recommence the action in state court, as the

limitations period for the cause of action is tolled by the filing of the federal complaint (id.), see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**LNLIC** — in response to the Order to Show Cause — advising the Court that it "has, at this time, recommenced this action in New Jersey state court" (dkt. entry no. 7, LNLIC Resp. at 2); and the Court confirming this independently upon a review of Westlaw's "Dockets — New Jersey — State Courts" database; and thus the Court intending to (1) grant the Order to Show Cause, and (2) dismiss the Complaint without prejudice; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  January 23, 2009